IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES EDWARD GOODWIN                                                    PETITIONER

VS.                         CASE NO. 5:17CV00182 DPM/PSH

WENDY KELLEY, Director of the
Arkansas Department of Correction                                         RESPONDENT

## SUPPLEMENTAL PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Supplemental Findings and Recommendation have been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Supplemental Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

On April 11, 2018, United States District Judge D.P. Marshall Jr. vacated the March 28, 2018 Order and Judgment in this habeas corpus case. The case was referred to the undersigned to provide a supplemental or amended recommendation. The pertinent events are as follows:

* Charles Edward Goodwin ("Goodwin") filed his petition for writ of habeas corpus on July 10, 2017. Docket entry no. 2.

* Goodwin also filed a motion for discovery on July 10, 2017. Docket entry no. 4. Goodwin sought the production of "the entire discovery file,"[1] including the photo

---

[1] The Court has interpreted Goodwin's request as one seeking the investigative/charging file maintained by the prosecutor in his case.

array viewed by witness Betty Word, her original statements, crime scene photos, and the entire investigative file. Docket entry no. 4, page 2.

\*     In an Order dated July 24, 2017, the undersigned denied the motion for discovery without prejudice to renewing the motion at a later date. Docket entry no. 5. The undersigned, citing Rule 6 of Rule Governing Section 2254 Cases in the United States District Court, held Goodwin had not shown entitlement to discovery.

\*     On September 7, 2017, Goodwin filed a pleading styled "Objection to Order Denying Motion for Discovery File." Docket entry no. 9. This pleading was filed as a "Response." In the pleading, Goodwin recited that he sought his state discovery file "in order to ascertain other claims that may be viable for the court's consideration." He also asserted the file was "crucial to further developing habeas claims and is need for further investigation that could prove exculpatory in nature." Docket entry no. 4, page 1.

\*     The undersigned issued Proposed Findings and Recommendation on February 14, 2018, recommending that the petition be dismissed as untimely. Docket entry no. 23. Among other things, the undersigned addressed Goodwin's argument that his tardy petition should be considered because of his actual innocence. As part of this analysis, the undersigned reviewed the trial transcript in full, as well as the decision on direct appeal of the Arkansas Supreme Court. *Goodwin v. State*, 373 Ark. 53 (2008).

\*     Goodwin filed an objection to the undersigned Proposed Findings and Recommendation on March 21, 2018. Docket entry no. 26. In this pleading, he alleged he has never received his discovery file despite requesting it on numerous occasions, and the file "contained potentially exculpatory evidence that would assist him in habeas proceedings." Docket entry no. 26, page 3. He also claimed the "lack

2

  of discovery has hampered his ability to file the habeas on time." Docket entry no. 26, page 4.

\* Judge Marshall adopted the undersigned's Proposed Findings and Recommendation by Order of March 28, 2018. Docket entry no. 28. Judgment was entered. Docket entry no. 29.

\* Judge Marshall vacated the Order and Judgment on April 11, and referred the case back to the undersigned to address the discovery issue. Docket entry no. 32.

Specifically, Judge Marshall asked this Court to consider: (1) if Goodwin was entitled to discovery: (2) if so, should new material be provided to Goodwin or reviewed *in camera*; and (3) if any discovery would affect the suggested disposition of Goodwin's habeas petition. For the reasons set forth below, Goodwin's requests for discovery were without merit and, even if granted, would not have affected the suggested disposition of the case.

*Entitlement to Discovery:*

Discovery in habeas corpus cases is governed by Rule 6 of Rule Governing Section 2254 Cases in the United States District Court, as explained by the Eighth Circuit Court of Appeals:

> "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). Rule 6(a), however, provides that "[a petitioner] shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." The Supreme Court has developed a general approach to the question of whether a petitioner has established "good cause" sufficient to warrant discovery under Rule 6(a). *See Bracy,* 520 U.S. at 904-09, 117 S.Ct. 1793. Under *Bracy,* a habeas court must identify the "essential elements" of the petitioner's substantive claim, *id.* at 904, 117 S.Ct. 1793, evaluate whether " 'specific allegations ... show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief,' " *id.* at 908-09, 117 S.Ct. 1793 (quoting *Harris v. Nelson,* 394 U.S. 286, 300, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969)), and, if the petitioner has made such allegations, " 'provide the necessary facilities and procedures for an adequate inquiry,' " *id.*

*Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004).

The ultimate inquiry is whether Goodwin demonstrated "good cause" to warrant discovery. To reach this conclusion, two levels of analysis are necessary. First, the Court must identify the essential elements of Goodwin's substantive claim. Second, the Court must evaluate Goodwin's specific allegations and consider if there is reason to believe that Goodwin, with development of the facts, can show he is entitled to habeas relief.

Here, the relevant substantive claim made by Goodwin is his actual innocence,[2] as defined in *Schlup v. Delo*, 513 U.S. 298, 324 (1995).[3] The *Schlup* decision sets a high bar for demonstrating actual innocence, requiring as essential elements that Goodwin provide new, reliable evidence that was not presented at trial to show it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Goodwin does not identify any new, reliable evidence that he believes is contained in the state prosecutor's investigative/charging file. Such file would contain charges, witness statements, photo arrays, and other documents relied on by the prosecution to prove the charges against Goodwin. Goodwin provides no evidence to support that the file contains any information new to the case since he was convicted.

The Court next considers whether Goodwin's specific allegations show reason to believe that if the facts were fully developed, he could demonstrate that habeas relief is in order. Here, Goodwin sought the prosecutor's file, without identifying what specific information it might contain that would entitle him to habeas relief. The request lacks the factual allegations needed to establish an entitlement to discovery pursuant to Rule 6. In docket entry nos. 4, 9, and 26, Goodwin offers nothing in the way of specific allegations.[4] Instead, he emphasizes the potential for discovering

---

[2]Goodwin alleged actual innocence as one of his claims for relief, and also alleged actual innocence as one of the reasons why he failed to file his federal habeas corpus petition in a timely fashion.

[3]This Court's evaluation of Goodwin's actual innocence assertion is set forth in the Proposed Findings and Recommendation filed February 14, 2018. Docket entry no. 23, pages 5-9.

[4]In his motion seeking the discovery file, Goodwin asserts that "additional claims" may be in such file (Docket entry no. 4). In his objection to the order denying his motion for discovery, Goodwin states the file is crucial to further develop habeas claims and is needed for additional


information which could possibly lead to developing habeas corpus claims. This absence of specific allegations is fatal to Goodwin's request for discovery, as Rule 6 demands specific factual allegations, rather than speculation, and does not authorize fishing expeditions. *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000); *Rucker v. Norris*, 563 F.3d 766 (8th Cir. 2009); *Rankin v. Norris*, 2007 WL 2409572 (E.D. Ark.).

Thus, using the framework provided by the United States Supreme Court in *Bracy v. Gramley,* 520 U.S. 899, 904, (1997), the Court considers the first question posed by Judge Marshall – was Goodwin entitled to discovery? He was not entitled to the requested discovery. As set forth above, he fell far short of shouldering the burden placed on him. Judge Marshall next asked whether, if discovery was warranted, new material should be provided to Goodwin or reviewed *in camera*. Since discovery is not warranted, the undersigned proceeds to the third inquiry, that is, would any discovery, if allowed, affect the suggested disposition of Goodwin's habeas petition? In considering Goodwin's allegations, the undersigned finds that such discovery would not affect the suggested disposition. Good cause under Rule 6 required Goodwin to show that, if the facts were fully developed, he could demonstrate an entitlement to habeas relief. *Id.* at 909. Goodwin, however, points to nothing specific that might be contained in the prosecutor's file that would demonstrate he is entitled to habeas relief. He asserts that certain telephone records, had they been presented to the jury, would have exonerated him. He does not assert that those records are part of the file he seeks to discover. Additionally, the undersigned considered and rejected this argument in its initial Proposed Findings and Recommendation (Doc. entry no. 23, pages 5-9).

In summary, Goodwin's request for discovery was without merit and, even if granted, would not have affected the suggested disposition of the case. Accordingly, for the reasons stated here and

---

investigation that could be exculpatory (Doc. entry no. 9). In his objection to the Proposed Findings and Recommendation, Goodwin does not identify any documents in the prosecutor's file that would, if produced, entitle him to habeas relief (Doc. entry no. 26).

in the Proposed Findings and Recommendation of February 14, 2018, the Court recommends the petition for writ of habeas corpus be dismissed and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 25th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE